THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK OF ILLINOIS, plaintiffs in error, v. THOMAS WILSON *et al.* defendants in error.

### *Error to Schuyler.*

A writ of error was prosecuted against three defendants, and the *scire facias* was returned served on one of them only, and *non est inventus* as to the two others. A rule was obtained upon the defendant served to join in error, and he moved to have the rule vacated: *Held*, that before the plaintiffs would be entitled to the rule, they must bring all of the defendants into Court, either by the service of the *scire facias*, or a publication against such as were non-residents, or could not be found.

A cause must be heard as between all of the parties to a writ of error.

In this case, Hart Fellows, one of the defendants in error, by his counsel, *O. H. Browning & N. Bushnell*, moved the Court to vacate a rule upon him to join in error, for the reason that all of his co-defendants were not before the Court. The motion was resisted by *W. A. Minshall*, in behalf of the plaintiffs in error.

The Opinion of the Court was delivered by

TREAT, J. This writ of error is prosecuted against three defendants, and the *scire facias* has been returned, served on one of them only, and *non est inventus* as the two others. The plaintiffs have obtained a rule on the defendant served to join in error, which rule he now asks to have vacated. Before the plaintiffs are entitled to a rule for joinder in error, they must bring all of the defendants into Court, either by the service of a *scire facias*, or a publication against such as are non-residents, or cannot be found. The cause must be heard as between all of the parties to the writ of error. The motion must be granted, and the order entered for a joinder in error will be vacated.

*Motion allowed.*